UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH ALFRED LINVILLE, JR.,

          Petitioner,

v.

ROBERT JACKSON,

          Respondent.

Case No. C25-1662-JNW-SKV

REPORT AND RECOMMENDATION

## I.  INTRODUCTION

This is a federal habeas action filed under 28 U.S.C. § 2254.  Petitioner Kenneth Linville is currently confined at the Washington State Penitentiary in Walla Walla, Washington.  He seeks to challenge herein his 2015 Thurston County Superior Court judgment and sentence.  *See* Dkt. 4-1.  Petitioner previously filed two other federal habeas petitions relating to the same judgment.  This Court, having reviewed the petition filed in this matter, and Petitioner's prior petitions, concludes that it lacks jurisdiction over the instant petition because the petition is successive under § 2244(b).  The Court therefore recommends that the petition be dismissed.

REPORT AND RECOMMENDATION - 1

## II.    DISCUSSION

Petitioner submitted the instant federal habeas petition to the Court for filing on August 29, 2025, together with an application to proceed with this action *in forma pauperis*. *See* Dkt. 1. The petition seeks relief from the judgement and sentence entered under Thurston County Superior Court case number 14-1-00296-7, on September 11, 2015.[1] Dkt. 4-1 at 1. Petitioner identified a single ground for relief in his petition, which was submitted on this Court's standard § 2254 petition form, asserting that he received ineffective assistance of counsel when his trial counsel failed to move to sever unrelated offenses. *Id*. at 5. However, Petitioner attached to his petition a brief in which he identified a different claim, one asserting that insufficient evidence was presented at trial to convict him of first-degree burglary or to impose firearm enhancements for those offenses. *Id*. at 23. On September 12, 2025, Petitioner submitted additional pages from a form habeas petition (pages 6, 7, 15, and 16) in which he presented a sufficiency of the evidence claim consistent with that presented in his brief in support of his original petition. *See* Dkt. 4-2. It appears that the additional pages may have been intended to replace those submitted as part of Petitioner's original form petition, though Petitioner does not make this clear in his submissions.[2]

In April 2022, Petitioner filed a federal habeas petition challenging the same 2015 Thurston County judgment and sentence as is challenged in this action. *See Linville*, C22-5241-

---

[1] Petitioner was charged in his Thurston County Superior Court case with a total of 138 offenses, including leading organized crime, residential burglary, attempted residential burglary, first degree burglary, second degree burglary, trafficking in stolen property, first degree theft, second degree theft, attempted second degree theft, third degree theft, theft of a firearm, identity theft, unlawful possession of a firearm, possession of stolen property, and possession of a controlled substance, with numerous deadly weapon sentencing enhancements. *See* Dkt. 4-1 at 16-18; *see also Linville v. Jackson*, Case No. C22-5241-JCC (W.D. Wash.), Dkt. 18 at 2. Petitioner was found guilty of 137 offenses and was sentenced to a total term of 914 months confinement. *See id.*

[2] The nature of Petitioner's intended claim is irrelevant in light of this Court's recommended disposition of the instant petition.

REPORT AND RECOMMENDATION - 2

JCC, Dkt. 1.  Petitioner identified a single claim for relief in that petition, alleging ineffective assistance of counsel based on trial counsel's failure to object to the improper joinder of offenses.  *Id*., Dkt. 4 at 5.  The Court found Petitioner's claim was procedurally barred because he defaulted on the claim in the state courts, and the petition was dismissed with prejudice in April 2023.  *See id.*, Dkts. 18, 23.

In May 2024, Petitioner filed a second federal habeas petition challenging his 2015 Thurston County judgment and sentence.  *See Linville v. State of Washington*, Case No. C24-5357-KKE (W.D. Wash.), Dkt. 1.  Petitioner's second petition identified essentially the same ineffective assistance of counsel claim as was asserted in his first petition.  *Id.*, Dkt. 1-1 at 20-22. The Court found the petition in that action was second or successive and dismissed the petition without prejudice in September 2024, on the grounds that the Court lacked jurisdiction to consider it.  *See id*., Dkts. 5, 7, 8.

The instant petition is Petitioner's third federal habeas petition challenging the same 2015 Thurston County judgment and sentence.  By statute, this Court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit Court of Appeals has authorized its filing.  *See* 28 U.S.C. § 2244(b); Circuit Rule 22-3.  Section 2244(b)(3)(A) provides that *before* a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts.  *See Felker v. Turpin*, 518 U.S. 651, 657 (1996).  The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines that the

REPORT AND RECOMMENDATION - 3

applicant has made a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).  *See* 28 U.S.C. § 2244(b)(3)(C).

Because Petitioner's first habeas petition challenging his 2015 Thurston County Superior Court judgment and sentence was dismissed with prejudice on the grounds that Petitioner procedurally defaulted on the claim asserted therein, the instant petition is a second or successive one and this Court is without jurisdiction to consider it until the Ninth Circuit Court of Appeals has authorized its filing.  *See* 28 U.S.C. § 2244(b); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (explaining that the dismissal of a first petition with prejudice because of a procedural default and a failure to show cause and prejudice, constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of § 2244(b)).  Petitioner makes no showing that the Ninth Circuit has authorized the filing of the instant petition.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus be dismissed for lack of jurisdiction.  The Court further recommends that Petitioner's pending application to proceed with this action *in forma pauperis* be denied as moot.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 14, 2025**.

REPORT AND RECOMMENDATION - 4

DATED this 23rd day of September, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5